IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., *Plaintiff*, v. ABBOTT LABORATORIES, *Defendant*. | Civil Action No. 07-CV-3101  |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva USA"), for its Complaint against Abbott Laboratories ("Abbott"), alleges as follows:

### THE PARTIES

1. Teva USA is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania, 19454-1090. Teva is a developer, manufacturer, and marketer of generic pharmaceutical products in the United States.

2. On information and belief, Abbott is an Illinois corporation with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois, 60064-6400.

### JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

4. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction.

5. Abbott manufactures and sells extended-release pharmaceutical tablets containing the drug clarithromycin under the trade name BIAXIN XL.

6. Pursuant to an Abbreviated New Drug Application ("ANDA") approved by the U.S. Food & Drug Administration ("FDA"), Teva USA sells generic extended-release clarithromycin tablets that are equivalent to BIAXIN XL.

7. Abbott and Teva USA were litigants in a civil action pending in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Abbott Laboratories v. Andrx Pharmaceuticals Inc. et al.*, Civil Action No. 1:05-cv-10490 (the "patent action"). In the patent action, Abbott claimed, *inter alia*, that Teva USA's extended release clarithromycin tablets would infringe Abbott's U.S. Patent Nos. 6,551,616; 6,010,718; and 6,872,407 (the "patents in suit") if Teva USA marketed them in the U.S. Teva USA counterclaimed that the patents in suit are, inter alia, invalid and that its tablets would not infringe the patents in suit.

8. In the course of the patent action and related litigation, Abbott sought a temporary restraining order and preliminary injunction against Teva USA and all other companies that had filed ANDAs with the FDA seeking approval to market generic extended-release clarithromycin tablets.

9. On [insert date], the District Court entered a preliminary injunction barring Teva USA from marketing its generic eextended-release clarithromycin tablets for the duration of the action. On June 22, 2006, the U.S. Court of Appeals for the Federal Circuit vacated that preliminary injunction.

10. On August 15, 2007, Abbott and Teva USA entered into an agreement settling the patent action, the terms of which are confidential. After the settlement agreement was entered,

Abbott dismissed its claims against Teva USA and Teva USA dismissed its counterclaims against Abbott.

11. After settling the patent action with Teva USA, Abbott entered into a settlement agreement with a second defendant in a related patent action which also has approval from the FDA to market extended-release clarithromycin tablets.

12. Abbott has represented that under the terms of the two settlement agreements, it believes Teva USA and the second defendant may begin to market their extended-release clarithromycin tablets in the U.S. in 2008.

13. Teva USA is currently marketing its extended-release clarithromycin tablets in the U.S. and has garnered more than 20 percent of the U.S. market for such tablets. If Teva USA remains free to sell its tablets without interference from Abbott until 2008, the date Abbott has represented that another generic company is free to sell such tablets, Teva USA expects to retain or expand this market share.

14. On April 17, 2007, counsel for Abbott communicated to counsel for Teva USA that Abbott believes Teva USA's current presence on the market is illegal.

15. Given the vigorous litigation that Abbott has pursued against Teva USA and all other potential marketers of generic extended-release clarithromycin tablets, in which Abbott sought injunctive relief to bar all such products from the market, Teva USA believes that Abbott will immediately seek to enjoin or otherwise interfere with Teva USA's continued marketing of extended-release clarithromycin tablets.

16. Such interference will cause immediate irreparable injury to Teva USA.

17. To avoid legal uncertainty and to protect its substantial investment and anticipated future investments in its generic extended-release clarithromycin tablets, Teva has instituted this declaratory judgment action.

## COUNT I
## DECLARATORY JUDGMENT OF LAWFUL MARKETING

18. Teva USA's commercial manufacture, use, offer for sale, sale, and/or importation of its generic extended-release clarithromycin tablets is lawful.

## PRAYER FOR RELIEF

WHEREFORE, Teva respectfully requests the Court enter judgment against Abbott to include:

A.     A declaration that Teva's commercial manufacture, use, offer for sale, sale, and/or importation of its generic extended-release clarithromycin tablets is lawful;

B.     Preliminary and permanent injunctions prohibiting Abbott from taking any action to interfere with Teva's continued commercial manufacture, use, offer for sale, sale, and/or importation of generic extended-release clarithromycin tablets in the U.S.;

C.     An award of Teva's reasonable costs and attorneys' fees in connection with this action; and

D.     All such other and further relief as the Court may deem just and proper.

Dated: April 17, 2007

Respectfully submitted,

James Galbraith (JG4451)
Maria Luisa Palmese (MP5855)
Robert V. Cerwinski (RC6441)
Cynthia Lambert Hardman (CH2281)
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel.: (212) 425-7200
Fax: (212) 425-5288

Counsel for Plaintiff,
Teva Pharmaceuticals USA, Inc.